UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| NICOLE POWERS, | ) |
|     Plaintiff, | ) Civil No. 5:24-cv-00250-GFVT |
| v. | ) |
| CABINET FOR HEALTH AND FAMILY SERVICES, *et al.*, | ) **MEMORANDUM OPINION**<br>) **&**<br>) **ORDER** |
|     Defendants. | ) |

*** *** *** ***

Nicole Powers is a resident of Lexington, Kentucky. Proceeding without counsel, she has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] The Court has granted her request for *pauper* status by prior Order. *See* [R. 6.]

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Powers sues the Commonwealth of Kentucky's Cabinet for Health and Family Services ("CHFS"), NECCO Foster Care and Counseling, and seven of their employees, each in his or her official capacity. *See* [R. 1 at 2-3; R. 1-1 at 1.] Powers alleges that beginning in late 2022, various social workers interfered with her parental rights over her minor children. For example, Powers asserts that the social workers repeatedly delayed or prevented visits with her children;

did not provide Powers with accurate information necessary for her to comply with plan requirements and then reported that she was not making progress; would not permit Powers to be involved in decisions regarding her child's education, medical care, or mental health treatment; submitted false and/or contradictory reports to a court regarding her children's status and progress; and delayed implementation of court-ordered therapy.  Powers filed a complaint with CHFS regarding such conduct in August 2023, to no avail.  In November 2023, based upon assertedly inaccurate medical information provided by the social workers, the state court ordered that visitation between Powers and her children be terminated.  The defendants continued to deny Powers access to her children's medical records well into 2024.  *See* [R. 1-1 at 9-27.]

Based upon the foregoing, Powers claims that the social workers and/or their supervisors did not provide accurate information to administrative tribunals and courts, falsified evidence, committed perjury, ignored court orders, ignored reports from third party providers, denied visitation with her children, conspired with other defendants to deny parental rights, and retaliated against her after misconduct was reported to CHFS.  *See* [R. 1-1 at 1-9].  Powers asserts violation of her due process and equal protection rights, as well as the Kentucky tort of outrage.  *See* [R. 1 at 3.]  Powers seeks an injunction to compel CHFS to abandon its pending petition to terminate her parental rights and to re-review the factual basis underlying it.  Notably, Powers asks the Court to grant her full custody over her minor children.  She also seeks monetary damages.  *See* [R. 1 at 5.]

Having thoroughly reviewed the complaint and the materials filed in support of it, the Court will dismiss this action for lack of subject matter jurisdiction.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal Rule of Civil Procedure 12(h)(3).  The Court has an ongoing "duty to consider [its] subject

matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). These principles permit a district court to examine, upon its own motion, the possible application of the doctrines of abstention, the *Rooker-Feldman* doctrine, or other jurisdictional defects. *Cf. ADSA, Inc. v. Ohio*, No. 04-4525, 2006 WL 1008319, at * 2 (6th Cir. April 18, 2006).

In this case Powers asserts constitutional claims against the defendants over which the Court would ordinarily possess federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1343(a)(3). However, Powers's claims are inextricably intertwined with ongoing domestic relations proceedings that are pending in the state courts on Kentucky. Indeed, Powers asks the Court to directly interfere with child custody proceedings in the Kentucky courts by both enjoining CHFS's efforts to terminate her parental rights and instead to grant her full custody of her children. *See* [R. 1 at 5.] But "federal courts have no jurisdiction to resolve [such] domestic relations disputes." *Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) (*citing Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). *See also in re Burrus*, 136 U.S. 586, 593–94 (1890) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").

Although the plaintiff invokes § 1983 as the basis for her federal claims, the Court "lack[s] jurisdiction where . . . the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003); *see also Chambers v. Michigan*, 473 F. App'x 477, 479 (6th Cir. 2012) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal

3

court."). And "even when a plaintiff raises other claims, federal courts do not have jurisdiction when the 'core' issue is one of domestic relations, meaning that the plaintiff seeks a divorce, alimony, or child custody decree." *Johnson v. Collins*, No. 15-CV-31-ART, 2015 WL 4546794, at *3 (E.D. Ky. July 28, 2015) (cleaned up), *aff'd*, No. 15-5862 (6th Cir. Feb. 2, 2016).

Because Powers asks this Court to grant her custody over her children, the domestic relations exception applies, warranting dismissal. *See Hughes v. Hamann*, 23 F. App'x 337, 338 (6th Cir. 2001) (holding that the district court lacked jurisdiction when a plaintiff claimed his constitutional rights had been violated by the state's removal of his children, and the plaintiff sought an injunction returning his children to his custody). *See also Robards v. Slatery*, No. 2:24-CV-00052, 2024 WL 4370780, at *1 (M.D. Tenn. Oct. 1, 2024) (applying domestic relations exception to § 1983 claims challenging state agency's termination of parental rights and seeking restoration of child custody); *Henson v. Burke*, No. 5:22- CV-288-KKC, 2023 WL 3572839, at *2 (E.D. Ky. May 12, 2023); *Severance v. Cabinet for Health & Fam. Servs.*, No. 2:21-CV-49-DCR, 2021 WL 1300106, at *1 (E.D. Ky. Apr. 7, 2021).[1]

Further, a federal district court may abstain from exercising jurisdiction in order to avoid interference with a pending state court proceeding, *Younger v. Harris*, 401 U.S. 37 (1971), so long as the plaintiff may raise constitutional claims in that forum, *see Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). After all, the Commonwealth has

---

[1] Powers also seeks damages. *See* [R. 1 at 5.] Even if the domestic relations exception did not deprive the Court of jurisdiction to afford that relief, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013). And "[i]t is well-established that CHFS is an 'arm of the state' for Eleventh Amendment purposes." *Hatfield v. Cabinet for Health & Fam. Servs.*, No. 5:13-CV-222-KKC, 2014 WL 1246354, at *2 (E.D. Ky. Mar. 25, 2014); *Chandler v. Cabinet for Health & Fam. Servs.*, No. 3:23-CV-61-GFVT, 2023 WL 8602965, at *1 (E.D. Ky. Dec. 12, 2023). Powers also sues its employees in their official capacities, but such claims, although nominally asserted against the official, are "in fact . . . against the official's office and thus the sovereign itself." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017). The official capacity claims are therefore likewise barred by the Eleventh Amendment. *Hopper v. Phil Plummer*, 887 F. 3d 744, 760 n.4 (6th Cir. 2018); *Baar v. Jefferson Co. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012).

important state interests in applying its own laws to child custody determinations, and the plaintiff is free to assert her constitutional claims in the pending state proceedings. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (noting that federal and state courts possess concurrent rather than exclusive jurisdiction over constitutional issues, and "state processes are [equal] to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert. denied*, 513 U.S. 870 (1994).

Abstention has therefore often been invoked as an additional or alternative ground in circumstances such as those presented here. *See, e.g.*, *Tindall v. Wayne Co. Friend of Court*, 269 F.3d 533 (6th Cir. 2001); *Kelm v. Hyatt*, 44 F.3d 415, 420–21 (6th Cir. 1995); *see also Greenberg v. Slatery*, No. 22-5886, 2023 WL 2771640, at *2 (6th Cir. Mar. 28, 2023); *Wiland v. Stitt*, No. 24-5116, 2025 WL 369223, at *1 (10th Cir. Feb. 3, 2025) (complaint seeking to overturn state's termination of parental rights was properly dismissed under domestic relations exception and *Younger* abstention doctrines); *Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 21-1596, 2021 WL 3403670, at *2 (3d Cir. Aug. 4, 2021) (district court properly declined to exercise jurisdiction pursuant to civil-enforcement-proceedings extension of *Younger* abstention over biological parent's § 1983 claims against state agency which conducted investigation into child neglect and initiated proceeding to terminate parental rights).

The Court will therefore dismiss this matter for lack of subject matter jurisdiction so that the plaintiff may pursue these matters in the proper forum. *See Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) ("[I]f the plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts."); *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015).

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Complaint [R. 1] is **DISMISSED** for lack of subject matter jurisdiction.

2. This matter is **STRICKEN** from the active docket.

This the 10th day of September, 2025.

Gregory F. Van Tatenhove
United States District Judge